UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CITY OF MADISON,<br><br>        Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 15-cv-00101<br>)<br>)<br>)<br>)<br>)<br>)   JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Uber Technologies, Inc. ("Uber"), by and through its undersigned attorneys, hereby gives notice that it is removing the above-captioned complaint filed in the Municipal Court of Madison, Wisconsin, entitled *City of Madison v. Uber Technologies, Inc.*, Case No. 15-MOR-568 (the "State Court Action"), to the United States District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## PROCEDURAL REQUIREMENTS FOR REMOVAL

1. By way of a letter dated December 16, 2014, Plaintiff City of Madison ("Plaintiff") notified Uber of Plaintiff's intent to file a complaint charging Uber with various municipal ordinance violations.

2. On January 21, 2015, Plaintiff purported to serve a summons and complaint on Uber at an office in Madison, Wisconsin. The office is not authorized to accept service on behalf

1

of Uber. Uber's wholly owned subsidiary, Rasier LLC, is registered to do business as a foreign corporation in Wisconsin and has a registered agent in Madison, Wisconsin (National Registered Agents Inc.).

3. On January 22, 2015, Plaintiff filed a copy of the summons and complaint with the Municipal Court of Madison, Wisconsin.

4. This action is timely removed pursuant to 28 U.S.C. § 1446(b) because the notice of removal was filed within thirty (30) days from when the State Court Action was filed and Uber was purportedly served with Plaintiff's complaint.

5. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process, pleadings, and orders purportedly served upon Uber in the State Court Action and/or filed in the State Court Action are attached hereto as **Exhibit A**.

6. Pursuant to 28 U.S.C. § 1446(d), Uber will promptly serve written notice of the removal of this action upon Plaintiff and file a Notice of Filing, Notice of Removal with the Clerk of the Municipal Court of Madison, Wisconsin. A true and accurate copy of the Notice of Filing, Notice of Removal is attached hereto as **Exhibit B**.

## DIVERSITY JURISDICTION AND VENUE

7. On information and belief, Plaintiff is a municipal corporation organized as a city under the laws of the State of Wisconsin. As such, Plaintiff is not "simply the arm or alter ego of the State," and it is therefore a citizen of the State of Wisconsin for diversity purposes. *See Moor v. Alameda County*, 411 U.S. 693, 717 (1973) (holding that for diversity purposes, a political subdivision of a state is a citizen of the state, unless it is "simply the arm or alter ego of the State") (internal quotation marks omitted).

8.     Uber is a Delaware corporation with its principal place of business in California, and is therefore a citizen of Delaware and California for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

9.     The State Court Action is thus an action between "citizens of different States." *See* 28 U.S.C. § 1332(a)(1).

10.    Venue is proper in this Court because the State Court Action is pending in the Municipal Court of Madison, Wisconsin, which is within this Court's District. *See* 28 U.S.C. § 1446(a).

11.    The required jurisdictional amount of $75,000 is met in this case. 28 U.S.C. § 1332. Although the State Court Action purports to seek $42,000, the direct pecuniary result of a judgment in Plaintiff's favor in the State Court Action would be far in excess of $75,000, as Plaintiff has indicated that it intends to continue assessing penalties against Uber for additional alleged violations of the ordinances at issue. Moreover, the State Court Action seeks de facto injunctive and/or declaratory relief, as successful and continued application of the penalties sought by Plaintiff would prevent Uber's subsidiary and licensee, Rasier LLC, from sublicensing the Uber software platform to independent, third-party transportation providers in the City of Madison, Wisconsin. In cases involving such relief, "the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented." *United States v. City of Chicago*, 549 F.2d 415, 424 (7th Cir. 1977). The value is measured by assessing the "cost[] of implementing the injunctive relief." *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004). Here, the loss of the revenue caused by placing a de facto ban on ridesharing request services using the Uber software platform in Madison will place well in excess of $75,000 at issue. In addition,

the compliance costs if Uber or Rasier LLC are required to change operations to comply with Plaintiff's demands is well in excess of $75,000.

12.     Plaintiff's complaint for Uber's alleged ordinance violations is defined by Wisconsin law as a civil proceeding and therefore subject to removal under 28 U.S.C. § 1441(a). *See* Wis. Stat. § 800.02(1) ("An action in municipal court for violation of a municipal ordinance is a civil action."). And, the nature of the right at issue in this case—the ability of Rasier LLC, Uber's licensee, to continue business operations in Madison—is based in civil law. Further, the nature of this dispute and the parties involved are precisely the kind of dispute that Congress envisioned when it created federal court diversity jurisdiction. The traditional justification for diversity jurisdiction, which is to "open[] the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties," applies even more strongly in this case than in typical civil disputes. *Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010). *See also Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 991 (7th Cir. 2001) (noting that diversity jurisdiction "seeks to ensure a correct decision, in the sense of being rendered on the merits of the parties' case rather than because of prejudice against a foreigner"). Plaintiff operates and controls the Municipal Court; in effect, Plaintiff and the court that Plaintiff would have hear this dispute are one and the same. Indeed, Plaintiff here actually sets the municipal court judge's salary. *See* Wis. Const. Art. VII, § 14 ("Judges of municipal courts may receive such compensation as provided by the municipality in which established, but may not receive fees of office."). The protection from local prejudice that diversity jurisdiction is designed to achieve is thus especially important here.

13.     Uber has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise.

## CONCLUSION

WHEREFORE, Defendant Uber Technologies, Inc., removes this action from the Municipal Court of Madison, Wisconsin, to the United States District Court for the Western District of Wisconsin, and requests this Court exercise its subject matter jurisdiction over this matter, and grant such other and further relief as it deems just and proper.

Respectfully submitted,

HALLING & CAYO, S.C.

By:/s/Michael Schaalman
Michael H. Schaalman (# 1015424)
(mhs@hallingcayo.com)
Jeremy P. Levinson (# 1026359)
(jpl@hallingcayo.com)
Patrick T. O'Neill (#1079079)
(pto@hallingcayo.com)
HALLING & CAYO, S.C.
320 East Buffalo St., Suite 700
Milwaukee, Wisconsin 53202
(414) 271.3000 (telephone)
(414) 271.3841 (facsimile)

*Attorneys for Defendant Uber Technologies, Inc.*

Douglas R. Cole (OH 0070665)
(drcole@organcole.com)
Carrie M. Lymanstall (OH 0084393)
(cmlymanstall@organcole.com)

Organ Cole + Stock llp
1330 Dublin Road
Columbus, Ohio  43215
Telephone: 614.481.0900
Facsimile: 614.481.0904

*Of Counsel for Defendant Uber Technologies, Inc.*

5

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system this 13th day of February, 2015, as well as by U.S. mail, first class postage prepaid, to the following:

Michael P. May, Esq.
City Attorney
Adriana Peguero, Esq.
Assistant City Attorney
City of Madison, Wisconsin
210 Dr. Martin Luther King Jr. Blvd.
Room 401
Madison, Wisconsin 53703
Telephone: 608.266.4511
Facsimile: 608.267.8715
(attorney@cityofmadison.com)

Attorneys for Plaintiff City of Madison

          /s/ Michael Schaalman
*One of the Attorneys for Defendant Uber Technologies, Inc.*