UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CITY OF MADISON, )<br>)<br>  Plaintiff, )<br>) <br>v. )<br>)<br>)<br>UBER TECHNOLOGIES, INC. )<br>)<br>  Defendant. )<br>)<br>)<br>) | Case No. 15-cv-00101 |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND**

On February 13, 2015 the Defendant, Uber Technologies, Inc. ("Uber") filed a motion to remove the above-captioned matter to this Court, claiming Federal Jurisdiction pursuant to 28 U.S.C. §§ 1113, 1441, and 1446. The City requests that this Court remand the matter back to the Madison Municipal Court, as the amount in controversy does not exceed $75,000 and this forum is not proper for a municipal forfeiture action.

  I.   The Amount in Controversy Does Not Exceed $75,000

Federal courts have original jurisdiction when an amount in excess of $75,000 is in controversy and all parties are of completely diverse citizenship. *See* 28 U.S.C. § 1332. Under 28 U.S.C § 1446(c)(2), "if removal of a civil action is sought on the basis of jurisdiction conferred by § 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." A defendant seeking removal on the basis of diversity

1

jurisdiction "bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2008); *see Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *Boyd v. Phoenix Funding Corp.*, 366. F.3d 524, 549 (7th Cir. 2004). Additionally, "federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Any doubt regarding diversity jurisdiction should be resolved in favor of the states.").

    The City has filed a complaint against the Defendant alleging forty-two counts of violations of section 11.06 of the Madison General Ordinances. MADISON, WIS., GEN. ORDINANCES § 11.06 (2014). The maximum potential penalty in this matter is $1,000/count, for a maximum total forfeiture of $42,000. *Id.* at § 11.06(13)(e). The City is not seeking an injunction, and the Municipal Court does not have the authority to grant an injunction. A municipal court does not have jurisdiction if equitable relief, such as an injunction, is demanded. Wis. Stat. § 755.045(1). The defendant argues that the amount in controversy exceeds $75,000 because the City could seek additional penalties in the future, which would constitute a "de facto injunction," but cites no law to support their position that assessing penalties for an ordinance violation constitutes a "de facto injunction." Any costs to the defendant greater than $42,000 are indirect pecuniary costs that are purely speculative and collateral to this cause of action. "In a declaratory judgment action, we measure the amount in controversy by the value of the 'object of the litigation.'" *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). Under the "either viewpoint rule," the Court can calculate the value of the object of the litigation from the viewpoint of either party. *McCarty v. Amoco Pipeline Co.,* 595 F.2d 389, 395 (7th Cir.

1979). However, in *McCarty*, the Court considered "the pecuniary result to either party which the judgment would *directly* produce." *Id.* at 393 (citations omitted) (emphasis added). The amount in controversy constitutes the pecuniary results that flow directly and with a fair degree of probability from the litigation itself, not from collateral sources. *See Columbia Gas Transmission Corp. v. Tarbuck,* 62 F.3d 538, 543 (3rd Cir.1995); *Kheel v. Port of N.Y. Auth.,* 457 F.2d 46, 49 (2nd Cir.1972), *cert. denied,* 409 U.S. 983 (1972). "Collateral sources" include incidental consequences, such as fines and expenses that a party may incur as a result of judgment. *Columbia Gas,* 62 F.3d at 543. If, after the Court calculates the amount in controversy, it appears to a "legal certainty" that a party has not satisfied the jurisdictional amount, the Court should dismiss the party's action. *See Hunt,* 432 U.S. at 346-48. In this case, there is a legal certainty that the City cannot recover more than $42,000, as that is the maximum forfeiture under the ordinance. Therefore, the defendant has not satisfied the requirement that the amount in controversy is in excess of $75,000. Nor has the defendant shown that seeking a forfeiture constitutes some sort of injunction. It does not. The City is not seeking an injunction in this matter.

II. The Court Does Not Have Jurisdiction Over Municipal Forfeiture Actions

In addition to lacking jurisdiction due to the amount in controversy, this Court is not the appropriate forum for a municipal forfeiture action. Prosecutions of municipal ordinance violations by government bodies, to vindicate public policy by enforcing the ordinance and to recover a penalty for the benefit of the public, have been held not to be civil in nature for the purposes of removal. *State of Ga. ex rel. Slaton v. Fleck & Assocs., Inc.*, 622 F.Supp. 256, 258

(N.D. Ga. 1985), referencing *State ex rel. Warren v. F.W. Woolworth Co.,* 30 F.Supp. 410, 411 (W.D. Mo. 1939).

Additionally, the Eastern District of Wisconsin has held that county-based prosecutions of ordinances are "essentially penal in nature and should be remanded." *Cnty. of Racine v. Deligiannis*, 380 F.Supp., 1406, 1407 (E.D. Wis. 1974). In *Deligiannis,* the county sought prosecution against a slaughterhouse company for alleged violations of county zoning ordinances. The penalty sought by the county was a monetary forfeiture. The case before the court is the exact same type of action. The City is prosecuting the Defendant for numerous violations of the Madison General Ordinances. Like the county in *Deligiannis,* the City is seeking a monetary forfeiture, and no other relief. Therefore, this case is penal in nature and should be remanded to Municipal Court.

The Municipal Court is the proper venue for this action. The Defendant raises issues of local prejudice because the City operates the Municipal Court, but the Municipal Court is established as an independent branch of government. It is not a department or agency of the municipal government. Wis. Stat. §755.01(1). The Municipal Court Judge is employed by the City of Madison, just as state court judges are employed by the state. The position is one that is elected, and the Judge cannot have his salary reduced. MADISON, WIS., GEN. ORDINANCES §§ 3.16(4) and 3.16(3)(c)1 (2014). The Municipal Court was created to have jurisdiction over actions involving violations of municipal ordinances, and that is the basis for this action.

Because the amount in controversy is not in excess of $75,000 and this Court is not the proper venue for a municipal forfeiture action, the City respectfully requests that this matter be remanded to the Madison Municipal Court.

Respectfully submitted this 5th day of March, 2015.

    Attorneys for the Plaintiff

By:    /s/ Michael P. May
Michael P. May, City Attorney
State Bar # 1011610
mmay@cityofmadison.com

/s/ Adriana M. Peguero
Adriana M. Peguero, Assistant City Attorney
State Bar # 1054903
apeguero@cityofmadison.com

/s/ Brett Blomme
Brett Blomme, Assistant City Attorney
State Bar # 1078865
bblomme@cityofmadison.com

Office of the City Attorney
210 Martin Luther King Jr. Blvd., Room 401
Madison, WI 53703
(608) 266-4511, Fax (608) 267-8715