UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CITY OF MADISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UBER TECHNOLOGIES, INC. )<br>)<br>Defendant. )<br>)<br>) | Case No. 3:15-CV-101<br><br>JUDGE CRABB<br><br>MAGISTRATE JUDGE CROCKER |

## RULE 26(f) JOINT PRETRIAL REPORT

Pursuant to Federal Civil Rule 26(f), counsel for the parties met telephonically on March 24, 2015 and discussed those matters set forth in Rule 26 and the Court's Standing Order governing preliminary pretrial conferences. Present by phone for the discussion were City Attorney Michael P. May for Plaintiff, and Attorneys Doug Cole, Michael Schaalman, and Carrie Lymanstall for Defendant.

**Standing Order Matters**

1. **Nature of the Case.** Plaintiff alleges Defendant's business operations violate certain Madison General Ordinances requiring licensing for those engaged in transporting passengers for hire within Madison city limits. Defendant alleges its business operations are not subject to the ordinances because the ordinances are limited to common carriers, i.e., those who provide transportation services to the public generally. Defendant developed an application that allows users who have joined its online community to request ridesharing services from independent third-party drivers who are also members of the online community. Because its

1

services are not open to the public generally, but only to members of its online community, Defendant claims the cited ordinances do not apply to the activities.

2.      **Related Cases.**  The parties believe there are no cases related to the subject matter of this litigation but do note that there is a pending citation against a third-party driver: Citation of Denis Erokhin, Citation No. 15MTF001481 (Madison Municipal Court).

3.      **Major Factual and Legal Issues.**  This case presents legal issues for judicial determination.  Namely, the Court will decide whether Defendant is subject to regulation under the municipal ordinances licensing and regulating public passenger vehicles for hire cited by Plaintiff, which were enacted pursuant to a state enabling statute.  Apart from determining whether the ordinances apply to Defendant, factual questions exist as to whether the cited ordinances were actually violated.

4.      **Amendments to Pleadings.**  At this time, the parties are not aware of the need to make additional amendments to the pleadings, but do request that the Court allow a period of time in which to make amendments without requesting leave of Court to do so.

5.      **Additional Parties.**  At this time, the parties are not aware of the need to add additional parties to this proceeding, but should such need arise, the parties would seek to add such parties in the time during which amendments are allowed without leave of Court under the preceding paragraph.

6.      **Length of Trial.**  The parties believe this case can be tried in three to four days with the trial time divided equally between Plaintiff and Defendant.

7.      **Any other Matter.**  Plaintiff has filed a Motion to Remand (Doc. Nos. 7-8), asking this Court to return this case to Madison Municipal Court.  Defendant opposes this

Motion. The Motion will be fully briefed with the filing of Plaintiff's reply brief on April 6, 2015.

### Federal Civil Rule 26(f) Matters

8.      **Initial Disclosures.**  The parties propose exchanging the initial disclosures required by Rule 26(a)(1) within 14 days of the Court's ruling on Plaintiff's Motion to Remand, with discovery stayed pending the exchange of those disclosures.

9.      **Discovery Subjects.**  Based on the parties' assessments of the case at this time, discovery may include (but is not limited to) the following subjects:

- Plaintiff's relationship with and regulation of taxicabs;

- Plaintiff's interpretation and understanding of the Madison General Ordinances;

- How Plaintiff implements transportation services regulations, including organization charts and the identity of individuals responsible for regulating transportation services;

- Complaints received by Plaintiff about taxicab services;

- Plaintiff's view on and role in developing proposed legislation to regulate peer-to-peer ridesharing services in the City of Madison;

- Communications between Plaintiff and other peer-to-peer ridesharing services;

- Information related to the individuals listed in the Complaint whose allegations form the basis of the 42 counts against Defendant;

- Information about the conduct underlying the 42 counts alleged in the Complaint; and

- The nature and structure of defendant's smart phone app that provides for ride sharing services, including any contractual arrangements behind the platform

The parties do not believe discovery should be limited or structured in phases at this time. Listing of any item as a possible area of discovery is not an agreement that the topic is proper for discovery or a waiver of any arguments that the topic is beyond the scope of discovery.

10. **Electronically Stored Information.** The parties do not anticipate any issues related to electronically stored information ("ESI") at this time. ESI shall be produced in an electronic format to be agreed upon by the parties. The parties will meet and confer regarding scope and logistics of the production of ESI.

11. **Protective Order.** The parties will submit to the Court a proposed Protective Order governing the production and use of confidential information to be produced after the Court's ruling on the Motion to Remand.

12. **Limitations to Discovery.** The parties agree that those discovery limitations as set forth in the Federal Civil Rules shall apply in this matter.

13. **Electronic Service.** The parties hereby consent in writing that service by electronic means shall be allowed as set forth in Federal Civil Rule 5(b)(2)(e). The parties will serve counsel via the email addresses shown on the signature page of this document.

14. **Proposed Discovery Plan and Case Schedule.** The parties propose the following pre-trial schedule:

| EVENT | JOINT PROPOSED DATE |
| --- | --- |
| Initial Disclosures | No later than 14 days after ruling on motion to remand (discovery stayed pending exchange of disclosures) |
| Deadline to Amend without Leave of Court | May 1, 2015 |
| Plaintiff's Expert Disclosures and Reports | October 1, 2015 |
| Defendant's Expert Disclosures and Reports | October 15, 2015 |
| Close of Discovery | November 30, 2015 |

|  |  |
|---|---|
| Dispositive Motions | November 2, 2015 |
| Rule 26(a)(3) Pre-Trial Disclosures | January 17, 2016 |
| Motions in Limine and Pre-Trial Submissions | February 17, 2016 |
| Responses to Pre-Trial Submissions | March 2, 2016 |
| Final Pre-Trial Conference | *Suggested* March 11, 2016 |
| Trial | March 21, 2016 |

Date:   March 26, 2015

Respectfully submitted,

By: /s/ Michael P. May (per authority)
Michael P. May
City Attorney
(attorney@cityofmadison.com)
Adriana Marie Peguero
Assistant City Attorney
(apeguero@cityofmadison.com)
CITY OF MADISON
210 Dr. Martin Luther King Jr. Blvd.
Room 401
Madison, Wisconsin 53703
(608) 266.4511 (telephone)

*Attorneys for Plaintiff*

By:/s/Michael Schaalman
Michael H. Schaalman (# 1015424)
(mhs@hallingcayo.com)
Jeremy P. Levinson (# 1026359)
(jpl@hallingcayo.com)
Patrick T. O'Neill (#1079079)
(pto@hallingcayo.com)
HALLING & CAYO, S.C.
320 East Buffalo St., Suite 700
Milwaukee, Wisconsin 53202
(414) 271.3000 (telephone)
(414) 271.3841 (facsimile)

*Of Counsel*:
Douglas R. Cole (0070665)
(drcole@organcole.com)
Carrie M. Lymanstall (0084393)
(cmlymanstall@organcole.com)
ORGAN COLE LLP
1330 Dublin Road
Columbus, OH 43215
614.481.0900
614.481.0904 (f)
*Admitted Pro Hac Vice*

*Attorneys for Defendant*