UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CITY OF MADISON, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )   Case No. 3:15-CV-101 <br> ) <br> ) <br> )   JUDGE CRABB <br> ) <br> )   MAGISTRATE JUDGE CROCKER <br> ) <br> ) |

---
**PLAINTIFF'S REPLY BRIEF**
---

The City of Madison files this brief in Reply to the memorandum filed by Uber.

    I.    <u>THE AMOUNT IN CONTROVERSY IS $42,000.</u>

Strain as it might, Uber cannot change the City's complaint. The City seeks fines for violations of its ordinances. The maximum forfeiture possible is $42,000. This is far below the federal jurisdictional level.

In attempting to avoid its mistake in seeking removal, Uber now files a Declaration from its General Manager. The amount in controversy is determined by the pleadings. A defendant seeking removal on the basis of diversity jurisdiction "bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2008); *see Spivey*

*v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *Boyd v. Phoenix Funding Corp.*, 366. F.3d 524, 549 (7th Cir. 2004).  The Declaration is improper and should be ignored.

Even if considered, the irony of Uber's claim is rich.  The City has enacted ordinances to protect the health, safety and welfare of the citizens of Madison.  One can, with little imagination, think of hundreds of business operations that could choose to thwart City ordinances and operate illegally because to comply with regulations and operate legally would reduce their profit margin.

The Court can imagine a property owner who would argue that complying with the City's building code and maintaining their rental properties would cost more than $75,000,  or tavern owner who seeks removal because of enforcement of  underage drinking violations:  "But your honor, if I must comply with the law, my profits will fall by $75,000 per year!"

What Uber is really arguing is that this ordinance violation case is an injunction.  If the City wanted to seek an injunction against Uber, it has that right under Wis. Stat. sec. 823.02, Wis. Stats., an action against a public nuisance.  That is not this action.

Finally, the court may take judicial notice of the fact that the City of Madison has passed amendments to its public passenger ordinance; see Legistar File No. 34016, approved by the Common Council on March 31, 2015.  This new ordinance explicitly brings Uber within the ordinance.  Any future actions against Uber will depend on whether it complies with the new ordinance, not the existing ordinance.

The amount in controversy is $42,000.  The case should be remanded to Municipal Court.

II.  THIS IS A MUNCIPAL ORDINANCE VIOLATION NOT SUITABLE TO FEDERAL JURISDICTION.

Uber argues that this case is something other than what it is, a violation of ordinances adopted to protect the public. Uber again strains mightily, but it cannot find a case where the federal court accepted a municipal ordinance violation case. The precedent cited by the City controls.

The City's motion should be granted and the case returned to municipal court.

Respectfully submitted this 6th day of April, 2015.

        Attorneys for the Plaintiff

      By: /s/ Michael P. May

        Michael P. May, City Attorney
        State Bar # 1011610
        mmay@cityofmadison.com

        /s/ Adriana M. Peguero

        Adriana M. Peguero, Assistant City Attorney
        State Bar # 1054903
        apeguero@cityofmadison.com

        /s/ Brett Blomme

        Brett Blomme, Assistant City Attorney
        State Bar # 1078865
        bblomme@cityofmadison.com

        Office of the City Attorney
        210 Martin Luther King Jr. Blvd., Room 401
        Madison, WI  53703
        (608) 266-4511, Fax (608) 267-8715