UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CITY OF MADISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:15-CV-101 |
| | ) |
| UBER TECHNOLOGIES, INC. | ) |
| | )   JUDGE CRABB |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

_____

**PLAINTIFF'S REPLY TO MOTION TO DISMISS**
_____

The Plaintiff, City of Madison files this Reply to the Defendant, Uber's Motion to Dismiss. While the City files this reply, the City respectfully requests that the Court rule on the City's Motion to Remand this case to the Madison Municipal Court before issuing a decision on the Defendant's Motion to Dismiss.

In its brief in support of its Motion to Dismiss, the defendant essentially makes two arguments:

    1) Uber is not a company that provides transportation for hire to the public; and

1

2) The City has failed to allege a passenger was actually transported, therefore they cannot be prosecuted under the Madison General Ordinances that regulate public passenger vehicles.

### I.  UBER IS PROVIDING TRANSPORTATION TO THE PUBLIC, FOR HIRE.

They City's complaint alleges violations of the Madison General Ordinances regulating public passenger vehicles, for hire. The Defendant, throughout their entire brief in support of their motion to dismiss, argues the facts of the case.  They allege that they are not providing transportation services, and that they are not open to the public. The City's complaint alleges that Uber has developed a new model to provide transportation to passengers for a fee using an online platform (the Uber App), and that members of the public can utilize the Uber App to hire drivers to transport them.  (Doc. No. 1-1, Compl. ¶ 3).   For the purposes of the Defendant's motion, the Court must assume the facts in the complaint to be true.

The Defendant states that the Uber App only services member of its online community. What they fail to mention is that anyone can join this "online community." Uber does not charge a fee for the use of their App, only for the ride once a passenger is transported.  The use of the Uber App to solicit a ride from an Uber driver is no different than the traditional method of using a telephone to solicit a ride from a taxicab driver. The technology a particular company uses is not what is at issue, nor is it what makes a company one which provides transportation for hire.  The City has never conceded, as the Defendant's brief alleges, that Uber is not really open to "the public" just because "the public" must download a free App in order to utilize the transportation services that Uber provides.  The transportation that Uber provides is absolutely open to the public.

## II. THE CITY'S COMPLAINT ALLEGES SUFFICIENT FACTS TO STATE A CLAIM.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not contain "detailed factual allegations," but merely sufficient facts to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. et al. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). It shall survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957).

The City need not allege that the Defendant actually transported passengers to be in violation of the Madison General Ordinances pertaining to the regulation and licensing of public passenger vehicles. The City's complaint alleges that the Defendant is "engaged in the business of transporting passengers for hire" without obtaining the license required by sec. 11.06(2), MGO, without paying the licensing fee required by 11.06(4)(a), MGO, and without filing the application required by 11.06(4)(b), MGO. (*Id*. ¶ 2). A simple reading of the language of complaint, which is taken directly from the ordinance, suffices to show that the City does not actually have to show that passengers were transported in order for the Defendant to be charged with "engaging in the business of transporting passengers for hire." The City has included in its complaint allegations as to how the App works and that Uber drivers have been convicted of transporting

3

passengers for hire without being licensed. Through its App, Uber is making transportation available to the public. The icons on their App show cars that are available, the user solicits a ride through the App, and when the ride is completed, they facilitate payment for that ride through the App. They are by definition engaging in the business of transporting passengers for hire, in fact that is the only service that Uber provides.

The Defendant references Wis Stat. ¶ 349.24(1), which allows the City to regulate and license operators of taxicabs used for hire. The City has adopted the relevant Madison General Ordinances to do just that. Simply because the Defendant does not call itself a taxicab does not mean it does not meet that definition. The only difference between Uber and a traditional taxicab company is the method by which a passenger solicits a ride, and that is hardly what makes a company fit the definition of one which transports passengers for hire. As stated earlier in this reply the City has alleged in its complaint that the Defendant does provide transportation services to the public, and the Court should accept that as true for the purposes of ruling on this motion.

The City has included in its complaint three counts in which Uber drivers were cited by the Madison Police Department and *convicted* of operating a public passenger vehicle for hire within the City of Madison by utilizing the Uber App. to engage in the business of transporting passengers for hire. (*Id*. ¶ 11-13).

The City has alleged sufficient facts underlying its claims, and the Defendant's Motion to Dismiss should be denied.

Respectfully submitted this 20th day of April, 2015.

                                 Attorneys for the Plaintiff

                                 By:   /s/ Michael P. May

                                          Michael P. May, City Attorney

                                          State Bar # 1011610

                                          mmay@cityofmadison.com


                                          /s/ Adriana M. Peguero

                                          Adriana M. Peguero, Assistant City Attorney

                                          State Bar # 1054903

                                          apeguero@cityofmadison.com


                                          /s/ Brett Blomme

                                          Brett Blomme, Assistant City Attorney

                                          State Bar # 1078865

                                          bblomme@cityofmadison.com


                                          Office of the City Attorney

                                          210 Martin Luther King Jr. Blvd., Room 401

                                          Madison, WI   53703

                                          (608) 266-4511, Fax (608) 267-8715