IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITY OF MADISON,

                      Plaintiff,

       v.

UBER TECHNOLOGIES, INC.,

                      Defendant.

OPINION AND ORDER

15-cv-101-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff City of Madison filed this action in the Municipal Court of Madison, Wisconsin, contending that defendant Uber Technologies, Inc. violated city ordinances by transporting passengers for hire without a proper license.  Defendant removed the case to this court under 28 U.S.C. §§ 1441 and 1446, but plaintiff has filed a motion to remand for lack of subject matter jurisdiction, dkt. #7, which is ready for review.  Defendant has filed a motion to dismiss for failure to state a claim upon which relief may be granted, dkt. #12, but the jurisdictional question must be decided first.  Leguizamo-Medina v. Gonzales, 493 F.3d 772, 774 (7th Cir. 2007) ("Subject-matter jurisdiction always comes ahead of the merits.").

      In its notice of removal, defendant relies on 28 U.S.C. § 1332 as a basis for jurisdiction.  Section 1332 applies to civil actions in which the plaintiff and defendant are citizens of different states and the amount in controversy is more than $75,000. Plaintiff

argues that jurisdiction is not present under § 1332 for two reasons: (1) the amount in controversy is not more than $75,000; and (2) a municipal forfeiture action is not a civil action.  Because I agree with plaintiff's first argument, I need not consider the second.

Plaintiff's argument regarding the amount in controversy is straightforward.  In its complaint, plaintiff alleges 42 violations of city ordinances.  There is no dispute that the maximum amount that plaintiff may recover in a judgment is $1000 for each violation, for a total of $42,000.  Because $42,000 is less than $75,000, the jurisdictional minimum has not been satisfied.

In response, defendant says that $42,000 is not the correct measure of damages because, if plaintiff prevails in this action, defendant will have to choose between complying with city ordinances, subjecting itself to additional fines for refusing to comply or withdrawing from the Madison market, all of which could cost defendant well over $75,000. Defendant cites a number of cases in which courts have held that the amount in controversy must include the costs of complying with a declaration or injunction.  Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333 (1977); BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 553 (7th Cir. 2002); In re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 609 (7th Cir. 1997).

The obvious problem with defendant's argument is that plaintiff is not seeking an injunction or declaration in this case, so defendant will not have to pay more than $42,000 to comply with a judgment in this case.  In fact, as plaintiff points out, a municipal court generally does not have authorization to award equitable relief.  Wis. Stat. § 755.045(1)(b).

Defendant argues that a money judgment in this case is "tantamount to an injunction" because defendant will feel compelled to take steps to avoid further violations. Dft.'s Br., dkt. #10, at 8.  However, all the cases defendant cites involve *actual* injunctions and declarations.  The question is whether it "is legally certain that the recovery (from plaintiff's perspective) or cost of complying with *the judgment* (from defendant's) will be less than the jurisdictional floor."  Meridian Security Insurance v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006) (emphasis added).  Defendant cites no authority for the view that the amount in controversy may include the cost of actions that are not compelled by the judgment but that the defendant believes may be necessary to avoid future lawsuits.  Rather, the Supreme Court has stated that "the collateral effect of the [judgment], by virtue of stare decisis, upon other and distinct controversies, may not be considered in ascertaining whether the jurisdictional amount is involved, even though their decision turns on the same question of law."  Healy v. Ratta, 292 U.S. 263, 267(1934).  Thus, the fact that defendant may face another lawsuit in the future cannot be used to calculate the amount in controversy in this case.

Defendant devotes more than a page of its brief to a discussion of Town of Ogden Dunes v. Siwinski, No. 2:08-CV-78PS, 2008 WL 1804104 (N.D. Ind. Apr. 17, 2008), but it is not clear why.  Both Siwinski and this case involve allegations of repeated ordinance violations, but that is where the similarity between the two cases ends.  The holding in Siwinski was that the defendant's notice of removal was untimely because it was filed six months after the filing of the complaint, even though it was clear from the complaint that

the plaintiff was seeking up to $182,500 in fines.  Nothing in <u>Siwinski</u> suggests that the amount in controversy may include fines that could be sought in a future lawsuit.

In a short paragraph at the end of the same section of its brief, defendant cites Wis. Stat. § 800.09(1b), which states that a municipal court has the authority to order "an operating privilege suspension or revocation if authorized by law."  Presumably, defendant means to suggest that relief authorized by § 800.09(1b) is akin to an injunction and that such an injunction should factor into the amount in controversy.  However, defendant does not argue that provision could apply to this case or, if it could, that the penalty in this case could increase the amount in controversy to greater than $75,000.  Accordingly, I decline to consider this provision.

Finally, defendant argues that plaintiff is attempting to "manipulat[e]" and "evade" federal jurisdiction by bringing a lawsuit before the requested fines exceed $75,000 and that remanding the case will allow plaintiff to "continually defeat removal jurisdiction by structuring each of its complaints in Municipal Court to demand" slightly less than the jurisdictional minimum. Dft.'s Br., dkt. #10, at 10.  Defendant does not cite any evidence that plaintiff will file additional municipal actions against defendant in the future, but if defendant believes that is likely to happen and it believes it can show that there is a real case or controversy, the proper response is to file its own declaratory judgment action, not to artificially inflate the amount in controversy in this case.  <u>DeBartolo v. Healthsouth Corp.</u>, 569 F.3d 736, 741 (7th Cir. 2009)("The Declaratory Judgment Act, 28 U.S.C. § 2201, allows a party . . . who expects to eventually be sued, to determine his rights and liabilities

4

without waiting for his adversary, the presumptive plaintiff, to bring suit."). But see Klinger v. Conan Doyle Estate, Ltd., 755 F.3d 496, 499 (7th Cir. 2014)("[There are] no advisory opinions in federal courts. Declaratory judgments are permitted but are limited—also to avoid transgressing Article III—to 'case[s] of actual controversy,' 28 U.S.C. § 2201(a), that is, actual legal disputes.").

In sum, because defendant has not made any showing that it will have to pay more than $75,000 to comply with any judgment entered in this case or that the jurisdictional minimum is otherwise satisfied, I am granting plaintiff's motion to remand.


ORDER

IT IS ORDERED that plaintiff City of Madison's motion to remand, dkt. #7, is GRANTED.  This case is REMANDED to the Municipal Court of Madison, Wisconsin.  It will be up to the municipal court to decide defendant's motion to dismiss.

Entered this 12th day of May, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge